The opinion of the court was delivered by
Tikghman, C. L
Questions ofthis kind have been several times before us, and although we have expressed bur disinclination to extend the law in favour of sureties further than it has been already carried, yet we have always declared that we hold ourselves bound by principles that appeared to be well settled. One of these principles,' I take to be, that when the creditor, without the the privity of the surety, enters into an engagement with the principal, for extending the time of payment, so as to tie up his hands from bringing suit for a limited period, the surety is thereby discharged. *71 Now, that is just the present case, for .certainly Hetty. Mi Williams would have been enjoined by chancery from bringing suit on the .administration bond before the time fixed for the payment of Shryock’s bond to her. The acceptance of that bond amounted to an agreement not to proceed against the obligor, for the recovery of her share of William Glass’s estate, béfore the expiration of twelve months from its date. But, it has been objected, that the administration bond having been given, not to Hetty M‘ Williams, but the Commonwealth, for the benefit of all persons interested in the estate of William Glass, it was not in her power to suspend a 'Suit on that bond. It is very true, she could not have prevented others from suing; but she might make an agreement binding on herself. I find on the record in this case, an agreement, that this cause should be tried on its merits as if judgment had been obtained on the administration bond in the name of the Commonwealth, and then a scire facias had issued according to our act of assembly, for the recovery of the claim of Hetty Mi Williams. So that she has separated her case from that of'all others interested in the official bond of the administration. The whole transaction bears strong intrinsic evidence, of an intent to look to Shryock, and to him only. Otherwise the settling with him, and taking his bond, without consulting his security, is not to be well accounted for. At all events, the case comes within the range of numerous authorities. The law on this.subject was carefully considered in Cope v. Smith, 8 Serg. & Rawle, 110.
I have no doubt that the judgment of the Court of Common Pleas in* the case now before us, was right, and am therefore of opinion that it should be affirmed.
Judgment affirmed.